**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1890
_____

JULIANTO LAU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-204-431)
Immigration Judge:  Honorable Robert P. Owens

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2010

Before:  AMBRO, CHAGARES and ALDISERT, <u>Circuit Judges</u>

(Opinion filed: July 14, 2010 )
_____

OPINION
_____

PER CURIAM

Julianto Lau petitions for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  For the reasons that follow, we will dismiss the petition in part

and deny it in part.

I.

Lau, a native and citizen of Indonesia, entered the United States on a B-1 visa in December 2000. He remained in the United States beyond the period of time allowed under his visa, and was ultimately placed in removal proceedings. He conceded his removability and, in May 2004, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He argued that he feared returning to Indonesia because he is a Chinese Christian.

In November 2007, after a hearing on the merits, the Immigration Judge ("IJ") denied Lau's application. In doing so, the IJ rejected Lau's request for asylum as untimely. As for Lau's claim for withholding of removal, the IJ concluded that Lau's testimony lacked credibility. In support of this conclusion, the IJ highlighted several discrepancies between Lau's testimony and his asylum application. The IJ also noted that Lau had been assisted in his application by Megawaty Gandasaputra of Asian American Placement Services ("AAPS"), who had pleaded guilty in federal court in 2005 to conspiring to commit asylum fraud.[1] The IJ further held that Lau's withholding of removal claim failed because (1) many of the incidents to which Lau testified did not constitute persecution, (2) "much of the most serious instances cited by [Lau] occurred

---

[1]Lau claimed that Gandasaputra had written the introduction and conclusion for his application, but that he himself had provided the application's substantive content.

2

during a time of anarchy and strife [in Indonesia] and cannot be considered to be persecution," and (3) Lau's family continued to live "relatively unharmed" in Indonesia. (Admin. Rec. at 50.) Finally, the IJ rejected Lau's request for CAT relief, noting that Lau "provided no testimony at all today that would indicate he would be subjected to torture if returned to Indonesia." (Id. at 51.)

On appeal, the BIA upheld the IJ's decision, holding that the IJ's adverse credibility finding was not clearly erroneous and that Lau had failed to demonstrate that the threat of harm to Chinese Christians in Indonesia was "so systemic or pervasive as to amount to a pattern or practice of persecution." (Id. at 3.) The BIA also concluded that Lau had not met his burden for CAT relief.[2] Lau now seeks review of the BIA's decision.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA "invokes specific aspects of the IJ's analysis and fact-finding in support of [its] conclusions," we review the decisions of both the IJ and the BIA. See Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005). We review the agency's factual findings, including its credibility finding, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). Under this deferential standard of review, we must uphold the agency's findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir.

---

[2]Lau did not appeal the IJ's denial of his untimely asylum claim.

3

2001).

Although Lau's counseled brief states that his petition challenges the denial of his requests for asylum, withholding of removal, and CAT relief, the scope of our review is actually much narrower. First, we must dismiss Lau's asylum claim because we lack jurisdiction to consider it, for two reasons: (1) the IJ rejected it as untimely, see 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006); and (2) Lau did not raise this claim in his appeal to the BIA, see 8 U.S.C. § 1252(d) (stating that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). Second, Lau waived his challenge to the BIA's denial of his CAT claim by failing to support that claim in his brief. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (internal quotation marks and citation omitted; omission in original). Accordingly, our review is limited to the BIA's rejection of Lau's claim for withholding of removal.

An alien seeking withholding of removal must show that it is more likely than not that his "life or freedom would be threatened in th[e] country [of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1231(b)(3)(A); Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d

4

Cir. 2003).  To satisfy this standard, the alien must show (1) past persecution, which creates a rebuttable presumption of future persecution, or (2) a likelihood of future persecution.  See 8 C.F.R. § 208.16(b).  An alien need not show that he would be singled out for future persecution if he can establish that "there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 C.F.R. § 1208.16(b)(2).  To rise to the level of a "pattern or practice," "the persecution of the group must be systemic, pervasive, or organized."  Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (internal quotation marks and citation omitted).

Lau appears to make two arguments in support of his request for withholding of removal.  First, he contends that the incidents to which he testified rise to the level of persecution.  We need not consider this argument, for the IJ found that Lau's testimony lacked credibility, an issue that Lau has now waived by failing to argue it in his brief.  See Laborers' Int'l Union of N. Am., AFL-CIO, 26 F.3d at 398.

Lau's second argument is that there is a pattern or practice of persecution in Indonesia against Chinese Christians.  We have previously rejected this argument, in part based on a review of the U.S. State Department's Country Reports for Indonesia for 2003 and 2004, see Wong v. Att'y Gen. of the U.S., 539 F.3d 225, 233-34 (3d Cir. 2008), and its Country Report for 1999, see Lie, 396 F.3d at 537-38.  Although the record in the instant case includes the State Department's 2006 Country Report and its 2007

5

International Religious Freedom Report, we noted in <u>Wong</u> that these reports "document similar or improved treatment of Chinese Christians in Indonesia." <u>See</u> 539 F.3d at 234. Having reviewed these reports, as well as the remainder of the instant record, we cannot conclude that the substantial evidence compels a finding of a pattern or practice of persecution in Indonesia against Chinese Christians.

In light of the above, we will dismiss Lau's petition in part and deny it in part.